**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VENDEVER LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:11-cv-201** |
| **v.** | § | |
| | § | |
| **INTERMATIC MANUFACTURING LTD.,** | § | |
| **MARTY MAN SMITH,** | § | |
| **RALPH ORLOWSKI, and** | § | |
| **GRAND PRODUCTS, INC.,** | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

For its original complaint for false advertising, unfair competition, business disparagement, defamation, tortious interference with reasonable expectancy, conspiracy to restrain trade and civil conspiracy, Plaintiff VendEver LLC ("VendEver"), by and through its attorneys Klemchuk Kubasta LLP, avers as follows:

## PARTIES AND FACTUAL BACKGROUND

1.      VendEver is a Nevada limited liability company with its principal place of business in Nevada.  VendEver's primary business is the marketing and distribution of cotton candy vending machines under the trademark "COTTON CANDY FACTORY".

2.      Defendant Intermatic Manufacturing Ltd. ("Intermatic") is a foreign entity organized under the under the laws of the United Kingdom of Great Britain and Northern Ireland ("United Kingdom"), with its principal place of business located in the United Kingdom. Intermatic's primary business also is the marketing and distribution of cotton candy vending machines.

3.      Upon information and belief, Defendant Marty Man Smith ("Smith") is a citizen and resident of the state of Tennessee.  Smith is identified by Intermatic as its Vice President of North American Sales.  Upon information and belief, Smith is an independent contractor.

4.      Upon information and belief, Defendant Ralph Orlowski ("Orlowski") is a citizen and resident of the state of Illinois.   Orlowski is identified by Intermatic as its business development manager.  Upon information and belief, Orlowski is an independent contractor.

5.      Grand Products, Inc. ("Grand"), is an Illinois Corporation, with its principal place of business located at 1757 S. Winthrop Drive, Des Plaines, Illinois.  Grand manufactures cotton candy vending machines that are marketed by Intermatic in the United States.  Grand also assists Intermatic with the marketing of its vending machines.

6.      VendEver and Intermatic directly compete with one another in the market for cotton candy vending machines.  VendEver did not begin selling cotton candy vending machines until after Intermatic.

7.      As described in greater detail below, Intermatic has engaged in false and misleading advertising, unfair competition, disparagement, defamation, and conspiracy in an illegal attempt to restrain competition in the market for cotton candy vending machines.

### *False and Misleading Patent Claims*

8.      Intermatic has continuously marketed its cotton candy vending machine as having patented features for at least the past three years.

9.      For example, Intermatic has repeatedly claimed to consumers that it sells the "first and only patented cotton candy vending machine."

10.     Intermatic also has imprinted on its vending machines the following language:

       Patents:        EU 05812588.1
                       USA 11/719,568

In fact, "EU 05812588.1" is a European patent _application_, and "USA 11/719,568" is the serial number of a patent _application_ pending before the United States Patent and Trademark Office. Patent applications are not the source of any rights in the United States.

11.     As of the date of filing this original complaint, Intermatic's cotton candy vending machine is not patented in the United States.   Moreover, Intermatic did not obtain a patent anywhere in the world until August 2010, and even then its patent rights were limited to the country of New Zealand.

12.     Intermatic continued to falsely claim that its vending machine is patented, and misleadingly claimed that its vending machine is patented in the United States, for the purpose of encouraging consumers to purchase Intermatic's vending machine and discouraging consumers from purchasing competitive vending machines.   For instance, Intermatic has attempted to mislead consumers into believing that its "water system" must be used to "insure" cotton candy "stays on the stick", and that no one else, including VendEver, can use this "patented water system".

### _Meritless Litigation Threats_

13.     Intermatic has attempted to restrain competition in the market for cotton candy vending machines by making baseless threats of patent and trademark litigation.

14.     For example, shortly after VendEver began competing with Intermatic in the market for cotton candy vending machines, Intermatic stated to consumers that it was going to sue VendEver for patent infringement.   Subsequently, Intermatic has implied to customers that it actually has sued VendEver for patent infringement.

15.      In addition, Intermatic has suggested or implied to potential customers of cotton candy vending machines that they might have a problem if they purchase VendEver's machine

instead of Intermatic's machine because of Intermatic's essentially non-existent patent rights. Intermatic's statements have led consumers to believe that they could become involved in a patent infringement dispute if they purchased VendEver's cotton candy vending machine rather than Intermatic's vending machine.

16.     At the time that Intermatic engaged in the above-described conduct, it knew that VendEver did not infringe any patent rights owned by Intermatic.  Furthermore, there never has been any basis for Intermatic to state, suggest, or imply that VendEver could be or actually had been sued for patent infringement.  Intermatic knows that it does not have any United States patent rights, and VendEver's cotton candy vending machine does not fall within the scope of any claims that will be allowed by the United States Patent and Trademark Office.  Intermatic's knowledge of the lack of merit in its patent infringement-related claims and threats is demonstrated by the fact that one of the features that clearly will preclude any patent infringement liability by VendEver (i.e., VendEver's cotton candy machine does not wet the stick on which cotton candy is placed) is itself continuously cited by Intermatic to consumers as an alleged reason not to purchase VendEver's machine.

17.     More recently, Intermatic has frivolously threatened to sue VendEver for "cybersquatting".   The website domain located at http://www.cottoncandyvending.com is registered to Intermatic and used to market its cotton candy vending machines.  VendEver uses the domain located at http://www.cottoncandyvending.co to market its own cotton candy vending machines.   Intermatic has claimed that VendEver has no right to use cottoncandyvending.co to market its competing cotton candy vending machines and threatened to sue VendEver for "cybersquatting", presumably pursuant to Section 43(d) of the Lanham Act. Yet, there is no possibility of liability for cybersquatting, if for no other reason than that the mark

"cotton candy vending" as used in connection with the marketing of cotton candy vending machines is not distinctive and, therefore, cannot support a claim of cybersquatting under the Lanham Act.

### *Interference with Industry Certification*

18.     Intermatic has attempted to restrain competition in the market for cotton candy vending machines by improperly interfering with VendEver's acquisition of an important industry certification for its cotton candy vending machines.

19.     National Automatic Merchandising Association ("NAMA") is the national trade association of the food and refreshment vending, coffee service and foodservice management industries.  NAMA offers a certification process for vending machines, and its certification is important because it provides operators assurance that machines are of high quality and is required by some states before a machine can be legally operated.

20.     Intermatic is a member of NAMA, and one of the models in its cotton candy vending machine line is NAMA certified.

21.     After learning that VendEver was seeking to have its vending machines certified by NAMA, Intermatic contacted NAMA and threatened to sue if it decided in favor of certifying VendEver's machines.  There was no basis for Intermatic to allege that NAMA could incur any liability if it certified VendEver's vending machines.   As a result of Intermatic's threat, VendEver's Chairman was required to travel to meet with NAMA representatives in Chicago, Illinois to address Intermatic's threat.  Shortly after, and Intermatic never followed through on its baseless threat to sue.

22.     Intermatic interfered with VendEver's acquisition of NAMA certification for the purpose of restraining competition with its own cotton candy vending machines.

*Intermatic's Co-Conspirators*

23.    Smith, Orlowski and Grand have conspired with Intermatic to unfairly compete with VendEver in the market for cotton candy vending machines.

24.    Upon information and belief, Smith, Orlowski and Grand have published false and misleading statements, messages, and/or information, which are described in greater detail above, in the course of their own marketing of Intermatic's cotton candy vending machine in competition with VendEver.

*VendEver's Injuries*

25.    VendEver has been injured as a result of the above-described misconduct.

26.    For example, Intermatic and VendEver both have competed to sell cotton candy vending machines to CEC Entertainment, Inc. ("CEC Entertainment"), which is headquartered in Irving, Texas.  Upon information and belief, Intermatic has entered into an agreement for the sale of a substantial number of its vending machines to CEC Entertainment, and CEC Entertainment's decision to purchase vending machines from Intermatic, rather than from VendEver, was directly affected by misconduct described in greater detail above.

27.    In addition, some consumers have refused to even consider purchasing VendEver's cotton candy vending machine as a result of misconduct described in greater detail above.

## CLAIMS FOR RELIEF

### COUNT ONE
### (Unfair Competition, False Advertising under Lanham Act)

28.    VendEver realleges and incorporates by reference the allegations in Paragraphs 1-27 above.

29.    This claim arises under the Lanham Act, 15 U.S.C. § 1051, et seq.

30.     Defendants, in connection with Intermatic's and VendEver's vending machines, used false and/or misleading descriptions of fact, which in commercial advertising or promotion, misrepresent the nature, characteristics and/or qualities of Intermatic's and VendEver's vending machines.

31.     Defendants' false and/or misleading descriptions have actually deceived or have had the capacity to deceive a substantial segment of potential consumers.

32.     Defendants' false and/or misleading descriptions were and are material and likely to influence consumers' purchasing decisions.

33.     Defendants' false and misleading statements and representations were and are made in interstate commerce.

34.     The unlawful activities of Intermatic, Smith, and Orlowski, as described above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act.

35.     As a result of Defendants' unlawful activities, as described above, VendEver has suffered and will continue to suffer irreparable injury and damages, including but not limited to loss of sales and profits which VendEver would likely have made but for the false and deceptive advertising and unfair competition by Defendants.

## COUNT TWO
### (Common Law False Advertising)

36.     VendEver realleges and incorporates by reference the allegations in Paragraphs 1-35 above.

37.     This claim arises under the common law unfair competition laws of the several states.

38.     Defendants, in connection with Intermatic's and VendEver's vending machines, used false and/or misleading descriptions of fact, which in commercial advertising or promotion,

misrepresent the nature, characteristics and/or qualities of Intermatic's and VendEver's vending machines.

39.     Defendants' false and/or misleading descriptions have actually deceived or have had the capacity to deceive a substantial segment of potential consumers.

40.     Defendants' false and/or misleading descriptions were and are material and likely to influence consumers' purchasing decisions.

41.     Defendants' unlawful conduct constitutes unfair competition under the common law.

42.     As a result of Defendants' unlawful activities, as described above, VendEver has suffered and will continue to suffer irreparable injury and damages, including but not limited to loss of sales and profits which VendEver could have made but for the false and deceptive advertising by Defendants.

**COUNT THREE**
**(Business Disparagement)**

43.     VendEver realleges and incorporates by reference the allegations in Paragraphs 1-42 above.

44.     Intermatic and its agents have published false and disparaging words concerning VendEver's economic interests.

45.     Intermatic's and its agents' false and disparaging words were published with malice as they acted knowing the words were untrue or with reckless disregard as to whether the words were untrue, and they intended to interfere with VendEver's economic interests.

46.     Intermatic and its agents published the false and disparaging words in the absence of any privilege.

47.     The false and disparaging words published by Intermatic and its agents have proximately caused, and will continue to cause, VendEver to suffer special damages.  Special pecuniary damages suffered by VendEver include, but are not limited to, its loss of sales, profits, and business opportunities that would have occurred but for the above-described misconduct.

## COUNT FOUR
### (Defamation)

48.     VendEver realleges and incorporates by reference the allegations in Paragraphs 1-47 above.

49.     Intermatic and its agents orally published defamatory words concerning VendEver.

50.     The slanderous statements were false.

51.     Intermatic's and its agents' slanderous statements were made both negligently and with malice and they acted with reckless disregard as to whether the statements were true.

52.     The slanderous words published by Intermatic and its agents have proximately caused, and will continue to cause, VendEver to suffer pecuniary and special damages.  Such damages include, but are not limited to, VendEver's loss of sales, profits, and business opportunities that would have occurred but for the above-described misconduct.

## COUNT FIVE
### (Tortious Interference with Reasonable Expectancy)

53.     VendEver realleges and incorporates by reference the allegations in Paragraphs 1-52 above.

54.     Intermatic and its agents have made untruthful and misleading statements to potential consumers of Intermatic's and VendEver's cotton candy vending machines.

55.     There is at least a reasonable probability that VendEver would have entered into additional contracts for sale of its vending machines but for such untruthful and misleading statements.

56.     Intermatic and its agents acted maliciously by intentionally preventing some consumers from purchasing VendEver's vending machines.

57.     Intermatic and its agents acted with the intention of harming VendEver.

58.     The untruthful and misleading statements that resulted in some consumers not purchasing VendEver's vending machines were not privileged or justified.

59.     The above-described misconduct of Intermatic and its agents has proximately caused, and will continue to cause, VendEver to suffer actual harm and damages.

## COUNT SIX
### (Conspiracy to Restrain Trade in Violation of Sherman Act)

60.     VendEver realleges and incorporates by reference the allegations in Paragraphs 1-59 above.

61.     This claim arises under Section 1 of the Sherman Act, 15 U.S.C. § 1, et seq.

62.     Upon information and belief, VendEver and Intermatic are the only companies that sell cotton candy vending machines in the United States.

63.     Defendants Smith, Orlowski, and Grand have an interest in Intermatic's success in marketing its cotton candy vending machines and its competition with VendEver's cotton candy vending machines.

64.     In addition, Defendants Smith and Orlowski have an independent interest in their own success in marketing Intermatic's cotton candy vending machines in competition with VendEver's cotton candy vending machines.

65.     Defendants Intermatic, Smith, Orlowski, and Grand have engaged in a conspiracy that has produced anti-competitive effects in the market for cotton candy vending machines.

66.     Defendants' misconduct has resulted in injury to competition.

67.     Defendants' restraint of competition in the market for cotton candy vending machines was and is unreasonable.

68.     Defendants' misconduct is per se illegal and/or violation of the quick look rule of reason or rule of reason.

69.     VendEver has been damaged as a result of Defendants' unlawful restraint of trade.

## COUNT SEVEN
### (Common Law Unfair Competition)

70.     VendEver realleges and incorporates by reference the allegations in Paragraphs 1-69 above.

71.     The above-described conduct constitutes common law unfair competition.

72.     VendEver has suffered injury as a result of Defendants' unfair competition.

## COUNT EIGHT
### (Common Law Civil Conspiracy)

73.     VendEver realleges and incorporates by reference the allegations in Paragraphs 1-72 above.

74.     Defendants agreed to engage and have in fact engaged in unlawful acts, described in greater detail above.

75.     VendEver has suffered damages as the proximate result of said unlawful acts.

## JURISDICTION AND VENUE

76.     This Court has subject matter jurisdiction over this litigation for the following reasons:

a.      Pursuant to 28 U.S.C. § 1332(a) the amount in controversy exceeds the sum of $75,000 and is between citizens of different states and in which a citizen of a foreign state is an additional party.

b.      Pursuant to 28 U.S.C. § 1337(a) this action arises under an Act of Congress protecting trade and commerce against restraints.

c.      Pursuant to 28 U.S.C. § 1338(a) and (b) because this action arises under an Act of Congress relating to trademarks and includes a claim of unfair competition joined with a substantial and related claim under the trademark laws.

d.      The Court has independent jurisdiction over Counts One and Six under 28 U.S.C. § 1331 because they arise under the laws of the United States.

e.      The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Counts Two through Five, and Counts Seven and Eight because the claims asserted therein are so related to Counts One and Six that they form part of the same case or controversy under Article III of the United States Constitution.

77.    This Court has personal jurisdiction over Intermatic.  Intermatic sells one product – cotton candy vending machines – and it has entered into contracts for the sale of a substantial number of cotton candy vending machines in Texas, including in direct competition with VendEver.  Also, upon information and belief, Intermatic and its agents have:

a.      tortiously interfered with VendEver's reasonable expectancies with consumers of cotton candy vending machines residing in Texas and this judicial district;

b.      unreasonably restrained VendEver's trade with consumers of cotton candy vending machines residing in Texas and this judicial district;

c.      directed their false and misleading advertising, and disparaging and defamatory statements, to consumers of cotton candy vending machines residing in Texas and this judicial district; and

d.      otherwise unfairly competed with VendEver in the market for cotton candy vending machines in Texas and this judicial district.

78.     This Court has personal jurisdiction over Smith because, upon information and belief, he has personally participated in sales of Intermatic's cotton candy vending machine to Texas consumers in competition with VendEver.  Also, he has participated in a conspiracy with others over whom this Court has personal jurisdiction.  Moreover, upon information and belief, Smith has personally directed complained of false and misleading advertising towards consumers residing in Texas and this judicial district, and participated in actions constituting unreasonable restraint of trade and tortious interference with VendEver's expectancies with consumers residing in Texas in this judicial district.

79.     This Court has personal jurisdiction over Orlowski because, upon information and belief, he has personally participated in sales of Intermatic's cotton candy vending machine to Texas consumers in competition with VendEver.  Also, he has participated in a conspiracy with others over whom this Court has personal jurisdiction.  Moreover, upon information and belief, Orlowski has personally directed complained of false and misleading advertising towards consumers residing in Texas and this judicial district, and participated in actions constituting unreasonable restraint of trade and tortious interference with VendEver's expectancies with consumers residing in Texas in this judicial district.

80.     This Court has personal jurisdiction over Grand because it has manufactured Intermatic cotton candy vending machines knowing that said machines were being produced for

delivery to consumers residing in Texas and this judicial district and in competition with VendEver. Also, Grand has participated in a conspiracy with others over whom this Court has personal jurisdiction.

81. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## DEMAND FOR JURY TRIAL

82. Pursuant to Federal Rule of Civil Procedure 38, VendEver hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, VendEver prays that the Court enter judgment awarding VendEver the following relief:

1. VendEver's actual, pecuniary, and special damages;

2. Defendants' profits pursuant to 15 U.S.C. § 1117(a)(1);

3. treble damages pursuant to 15 U.S.C. §§ 15(a) and 1117(a);

4. exemplary and/or punitive damages;

5. VendEver's attorneys' fees and costs;

6. prejudgment and post-judgment interest;

7. appropriate injunctive relief; and

8. such further and other relief as the Court deems just and equitable.

Dated: February 1, 2011

Respectfully submitted,

KLEMCHUK KUBASTA LLP

s/ Casey L. Griffith
Casey L. Griffith
Texas Bar No. 24036687
Katherine B. Bandy
Texas Bar No. 24045445
8150 North Central Expwy., Ste. 1150
Dallas, Texas 75206
Telephone:   (214) 367-6000
Facsimile:  (214) 764-6673
casey.griffith@kk-llp.com
katherine.bandy@kk-llp.com
docket@kk-llp.com

**LEAD COUNSEL FOR PLAINTIFF**